# Wytheville.

## FLANARY v. COMMONWEALTH.

June 20, 1922.

1. INDICTMENT AND INFORMATION—*Objection to Sufficiency of Indictment After Verdict—Section 4876 of the Code of 1919—Case at Bar.*—An indictment for unlawfully transporting ardent spirits accurately charged accused with the offense in every particular except as to the date of the commission of the offense. There was no demurrer or other objection to the indictment until after a verdict of conviction, which was abundantly supported by the testimony. If objection had been raised because of the omission of the date of the offense, it could have been corrected at the bar by the prosecuting attorney on mere motion under section 4876 of the Code of 1919.

    *Held:* That under section 4879, Code of 1919, accused could not raise the objection on appeal that the indictment was defective for failure to state the time of the commission of the offense.

2. INTOXICATING LIQUORS—*Indictment—Failure of Indictment to State the Date of the Commission of the Offense Charged.*—Technically, an indictment for unlawfully transporting ardent spirits should allege the commission of the offense within twelve months prior to the finding of the indictment, and failure to make such allegation is fatal to the indictment, independently of statute; but section 4879 of the Code of 1919 was intended to meet such cases, and to require persons charged with crime to assert their rights and make their defenses before verdict, and thereafter to cut off all defenses not made before verdict unless prohibited by the Constitution.

3. CRIMINAL LAW—*Constitutional Law—Indictment—Constitutional Right to Demand the Cause and Nature of the Accusation—Limitation of Right.*—The Constitution gives to the accused the right to demand the cause and nature of his accusation, and this right cannot be taken away from him, but there is no inhibition on the legislature to fix a stage of the procedure beyond which he cannot go in the assertion of his constitutional right. He must be given a full and fair opportunity of asserting his right, but after this has been afforded him, and he has failed to avail himself of it, he cannot complain. Within the limits mentioned, the order in which the defenses shall be presented, and the stages at which they may be forbidden, is entirely within the powers of the legislature.

Error to a judgment of the Circuit Court of Scott county.

*Affirmed.*

The opinion states the case.

*W. S. Cox*, for the plaintiff in error.

*John R. Saunders*, Attorney-General, *J. D. Hank, Jr.*, Assistant Attorney-General, and *Leon M. Bazile*, Second Assistant Attorney-General, for the Commonwealth.

BURKS, J., delivered the opinion of the court.

[1] The plaintiff in error was convicted of unlawfully transporting ardent spirits, upon an indictment which charged that the offense was committed on the _____day of_____, in the year nineteen hundred and _____. There was no demurrer or other objection to the indictment until after a verdict of conviction, which was abundantly supported by the testimony. The plaintiff in error then moved to set aside the verdict as contrary to the law and the evidence, but the motion was overruled, and this is the only error assigned.

The motion came too late. Section 4879 of the Code provides that, "Judgment in any criminal case shall not be arrested or reversed upon any exception or objection, made after a verdict, to the indictment or other accusation, unless it be in violation of the Constitution." The revisors, in their note to this section, say: "As this section stood before the revision, it read as follows: 'Judgment in any criminal case, after a verdict, shall not be arrested or reversed upon any exception to the indictment or other accusation, if the offense be charged therein with sufficient cer-

tainty for judgment to be given thereon, according to the very right of the case.' The new language is intended to be broader than the old, preserving, however, as it must, constitutional rights."

Certainly, the language of the indictment is sufficiently certain to enable the court to give judgment thereon "according to the very right of the case," and does not violate any constitutional right of the accused. It is true, as claimed, that he had the right to demand "the cause and nature of his accusation," but he made no such demand by demurrer, objection, motion to quash, calling for a bill of particulars, or in any other manner, and the indictment accurately charged him with the offense in every particular except as to the date of the commission of the offense.   If this objection had been raised, it could have been corrected at the bar by the prosecuting attorney on mere motion. Code, section 4876, provides: "An amendment of any defect in an indictment or presentment for a misdemeanor that does not change the nature of the offense charged, may be made by the court before which the trial is had, at any time before judgment is entered; but if such amendment operates as a surprise to the defendant, he shall be entitled, upon request, to a continuance of the case."

[2, 3] Technically, the indictment should have alleged the commission of the offense within twelve months prior to the finding of the indictment, and the failure to make such allegation was fatal to the indictment, independently of statute, but section 4879 was intended to meet such cases, and to require persons charged with crime to assert their rights and to make their defenses before verdict, and thereafter to cut off all defenses not made before verdict unless prohibited by the Constitution.   The Constitution gives to the

accused the right to demand the cause and nature of his accusation, and this right cannot be taken away from him, but there is no inhibition on the legislature to fix a stage of the procedure beyond which he cannot go in the assertion of his constitutional right. He must be given a full and fair opportunity of asserting his right, but after this has been afforded him and he has failed to avail himself of it, he cannot complain. Within the limits mentioned, the order in which defenses shall be presented, and the stages at which they may be forbidden, is entirely within the powers of the legislature. In the instant case, the accused having taken his chances before the jury and lost, cannot now raise the objection that the indictment is defective for failure to state the time of the commission of the offense.

The judgment of the Circuit Court of Scott county is, therefore, affirmed.

*Affirmed.*