# Wytheville

## HONAKER v. COMMONWEALTH.

### June 21, 1923.

1. ASSAULT AND BATTERY—*Malicious Wounding—Conviction of Assault Under Indictment for Malicious Wounding—Charge by Clerk.*—Generally, on an indictment for malicious wounding under section 4402 of the Code of 1919, the accused may be convicted of either malicious wounding, unlawful wounding, or simple assault and battery, and the jury are so charged by the clerk under the authority of the court, stating the punishment annexed to each. The pleadings are made up before this charge is given, and if the charge is not correct, objection to it should then be made.

2. ASSAULT AND BATTERY—*Malicious Cutting—Indictment—Failure to Give Date of Offense—Case at Bar.*—Accused was indicted for malicious cutting and the jury found him guilty of assault and battery. The indictment did not state the date on which the offense was committed. It was assigned as error that the indictment was not good as an indictment for assault and battery, for which the limitation is one year, because of the omission of the date of the offense. Accused did not take advantage of his opportunities to object to the sufficiency of the indictment by demurrer, nor by exception to the charge in relation to the right of the jury to find accused guilty of assault and battery under the indictment for malicious wounding, nor did he ask for an instruction on the subject.

   *Held:* That the objection to the indictment came too late on appeal, and furthermore, accused suffered no injury, as the indictment was found about four months after the offense was committed.

3. ASSAULT AND BATTERY—*Indictment for Malicious Wounding—Failure to Give Date of Offense—Timely Objection—Amendment—Case at Bar.*—In the instant case accused was convicted of assault and battery under an indictment for malicious wounding, which failed to give the date of the offense. This failure was assigned by accused as error. It was conceded that if the date was inserted, there could be no valid objection to a finding of guilty of assault and battery under the indictment.

   *Held:* That the ends of justice could not be defeated by the failure of the accused to take timely advantage of the omission in the indictment, which was, under the circumstances, purely technical, and could have been corrected at the bar (section 4879 of the Code of 1919) upon a mere suggestion.

Error to a judgment of the Circuit Court of Dickenson county.

*Affirmed.*

The opinion states the case.

*Chase & McCoy* and *Skeen & Skeen,* for the plaintiff in error.

*John R. Saunders, Attorney General, J. D. Hank, Jr., Assistant Attorney General,* and *Leon M. Bazile, Second Assistant Attorney General,* for the Commonwealth.

BURKS, J., delivered the opinion of the court.

The petitioner was indicted for unlawfully, maliciously and feloniously cutting and wounding one Caudel Pucket with a knife, with intent to maim, disfigure, disable and kill.  The jury found the accused guilty of assault and battery, and fixed his punishment at sixty days in jail and a fine of one hundred dollars.

The indictment did not state the date on which the offense was committed, and it is assigned as error that while the indictment is good as an indictment for a felony, as there is no limitation to felonies, it is not good as an indictment for assault and battery, for which the limitation is one year, because the date is left blank. *Shiflett's Case,* 114 Va. 876, 77 S. E. 606.  It is conceded that if the date was inserted, there could be no valid objection to a finding of guilty of assault and battery under the indictment.  *Canada* v. *Com.,* 22 Gratt. (63 Va.) 899; *Montgomery* v. *Com.,* 98 Va. 840, 843, 36 S. E. 371; Code, sec. 4918.

The offense was committed in November, 1920.  The indictment was found in March, 1921, and the verdict was rendered in April, 1922.  It is a conceded fact that

the indictment was found in due time, but it is insisted that the failure to allege in the indictment the date of the commission of the offense destroys the indictment as an indictment for a misdemeanor.

[1] Generally, on an indictment for malicious wounding, under section 4402 of the Code, the accused may be convicted of either malicious wounding, unlawful wounding, or simple assault and battery, and the jury are so charged by the clerk under the authority of the court, stating the punishment annexed to each. Code, section 4918; *Hardy's Case,* 17 Gratt. (58 Va.) 615; *Canada's Case,* 22 Gratt (63 Va.) 899; *Montgomery's Case,* 98 Va. 843, 36 S. E. 371. The pleadings are made up before this charge is given, and if the charge is not correct, objection to it should then be made.

[2, 3] The objection to the sufficiency of the indictment as an indictment for assault and battery might have been raised by a demurrer, or exception might have been taken to the charge of the clerk to the jury so far as it related to assault and battery, or an instruction might have been asked on the subject; but there was no demurrer or exception, nor was any instruction asked. Any one of these modes of procedure would have revealed the necessity of inserting a proper date, if a conviction of assault and battery was to be asked, and the omission would doubtless have been supplied at once under the provisions of section 4876 of the Code, as the omission of the date did not change the nature of the offense charged. But the accused did not avail himself of the opportunities that were open to him. He took his chances on an adverse verdict, and having lost, it is now too late to raise the objection. *Flanary* v. *Commonwealth,* 133 Va. 665, 112 S. E. 604, and authorities cited. He has suffered no injury, as the indictment was found about four months after the offense was com-

mitted.    Whether the results would have been different
if the assault and battery had been committed more
than a year before the finding of the indictment is not
here involved.    Under the facts of this case, the ends of
justice cannot be defeated by the failure of the accused
to take timely advantage of an omission in the indict-
ment which was, under the circumstances, purely tech-
nical, and could have been corrected at the bar upon a
mere suggestion.    See Code, section 4879, and revisors'
note thereto.

The judgment of the trial court will, therefore, be
affirmed.

*Affirmed.*