# Richmond.

## LUCIEN HODGE v. CITY OF WINCHESTER.

November 14, 1929.

The opinion states the case.

*Harry R. Kern,* for the plaintiff in error.

*Jas. P. Reardon* and *John R. Saunders, Attorney-General, Leon M. Bazile* and *Edwin H. Gibson, Assistant Attorneys-General,* for the defendant in error.

PRENTIS, C. J., delivered the opinion of the court.

Lucien Hodge has been convicted under an ordinance of the city of Winchester on a warrant charging him with selling ardent spirits unlawfully, and sentenced to confinement in jail for sixty days and fined $100.00. The only assignment of error is that the evidence does not support the conviction.

It is claimed, first, that there is no proof that the accused sold ardent spirits within the jurisdiction of the city of Winchester.

Two Winchester policemen testified that, receiving a telephone call about nine o'clock p. m. to come to the

street running alongside of the National Cemetery, they went there and found Frank Shuey, George Ealey and Lucien Hodge, the accused, in an automobile, Ealey being very drunk, Shuey drunk, while Hodge appeared to be sober. Upon search of the car they found a half gallon jar with ardent spirits in it under the back seat. One of the policemen testified that Hodge had a bad reputation as a violator of the prohibition law. Ealey testified that he and Frank Shuey were piano tuners; that they were in Winchester on that day on business, and that the morning of January 12, 1929, they had bought a pint of liquor from some one whom he did not know, and they drank it; that after dark, about seven o'clock, something broke about his car and he went to Brawner's Music Store, in Winchester, where Hodge worked, Hodge consented to try to fix the car, and went with them to Market street, about two blocks away; that Hodge fixed the car but he did not know how long it took him to do it, and then he, Shuey and Hodge drove out into the country; that he did not know what road they went, or where they went, but that they drove for a long time, and finally seeing a car alongside the road, Hodge told them that they could get liquor there; that Hodge called to a man who brought out a half gallon of liquor in a glass jar and said the price was $3.00; that he (Ealey) took $5.00 from his pocket, and passed it to Hodge, who gave it to the seller, and the seller handed him (Ealey) $2.00 in change. The liquor was put in the car, and they then started back to Winchester. He took three drinks from the jar and remembered nothing more until next morning; and that he and Shuey had both been convicted of the illegal possession of ardent spirits. Shuey substantially corroborated Ealey, and said that all three of them, after the car was repaired,

drove out in the country, he thought on the Northwestern Grade, but he was not certain what road it was; that either he or Ealey asked Hodge where they could get something to drink, and how much it would cost; that Hodge said he could get them some, and that it would cost $3.00 a half gallon; that they drove for some distance and stopped by an automobile parked by the side of the road, and Hodge went to this car and Ealey handed Hodge money, who handed it to the seller and that the man put it in their car.

Upon this testimony it is claimed that it is not shown that the sale was made within the city of Winchester, or within three miles of the corporate limits. This might have been persuasive had there been no other evidence. The accused, Hodge, himself, however, who was perfectly familiar with the city of Winchester and its boundaries, testified that it took him some time to fix the car and that he drove around Winchester but did not drive out of the city of Winchester with them; and that they had a punctured tire which he fixed, and that he was trying to quiet them when they were arrested. Ealey and Shuey nowhere claimed that they knew the boundaries of the city of Winchester. Whether in fact they went outside of the city, or how far outside they went before the sale was made, is not shown, but it is clear that when they started as well as when arrested, they were in the city. The evidence is sufficient to support the conviction.

■ In addition to this, the question cannot be raised here for the first time, because of Rule 22 of this court, 149 Va., pages xii and xiii, which provides that "Questions of venue in civil and criminal cases must be raised in the trial court before verdict in cases tried by a jury, or before judgment in all other cases. Venue, save in exceptional cases, cannot be raised thereafter, nor for the first time in this court."

The contention cannot be sustained for two reasons: Because the testimony of the accused himself shows that they did not drive outside of the city limits, and because the venue was not questioned in the trial court.

It is also claimed that the evidence fails to show that the accused sold the ardent spirits to Shuey and Ealey.

In *Lynch* v. *Commonwealth*, 131 Va. 773, 109 S. E. 418, 419, this court said: "It is not alone the actual completed sale of ardent spirits which falls within the condemnation of the statute. It also forbids the taking even of the first step towards the making of the sale." In that case it was held that an offer to sell whiskey constituted a violation of the statute.

In *Watts* v. *Commonwealth*, 99 Va. 879, 39 S. E. 706, 708, this is said, which may be applicable under the facts of this case: "It is suggested that the facts could not do more than make Watts an accessory before the fact; but 'at common law, in misdemeanors, there are no accessories, all concerned being principals.' 1 Wharton's Criminal Law, section 223."

In *Brown* v. *Commonwealth*, 130 Va. 736, 107 S. E. 809, 810, 16 A. L. R. 1039, this is said: "Every person who is present at the commission of a trespass, encouraging or inciting the same by words, gestures, looks or signs, or who, in any way, or by any means, countenances or approves the same, is, in law, assumed to be an aider and abettor, and is liable as principal." *Daingerfield* v. *Thompson*, 33 Gratt. (74 Va.) 148, 36 Am. Rep. 783; *Kemp's Case*, 80 Va. 450.

We perceive no reason for disturbing the judgment.

*Affirmed.*