# Staunton

CARNELL SALYER v. COMMONWEALTH.

September 19, 1935.

Present, All the Justices.

The opinion states the case.

*D. F. Kennedy,* for the plaintiff in error.

*Abram P. Staples, Attorney-General,* and *Edwin H. Gibson, Assistant Attorney-General,* for the Commonwealth.

EGGLESTON, J., delivered the opinion of the court.

Carnell Salyer was convicted by a jury of involuntary manslaughter and fined $100 for the killing of Everett Jessee by the overturning of an automobile owned and driven by Salyer, and in which Jessee was a passenger. The judgment entered upon the verdict is before this court for review.

The first assignment of error is that the indictment fails to allege the date on which the offense was committed. This defect appears not to have been raised in the court below and is here asserted for the first time.

In *Flanary* v. *Commonwealth,* 133 Va. 665, 112 S. E. 604, we held that the objection that an indictment failed to aver the date of the alleged offense could not be made for the first time after the verdict, even in the lower court, for the reason that if the point had been made during the trial it could have been corrected at the bar by the prosecuting attorney on his mere motion under Code, section 4876. This holding was reaffirmed in *Honaker* v. *Commonwealth,* 136 Va. 752, 118 S. E. 85. There is, therefore, no merit in this assignment.

The next assignment is that the verdict was contrary to the law and the evidence and without evidence to support it.

The Commonwealth proved that on the afternoon before the accident the accused drove his "very old and worn Model 'T' Ford" car, with Everett Jessee and Fred Eblin as passengers, from the vicinity of Coeburn, in Wise county, to Ramsey, in Dickenson county, Virginia, where the parties spent the night with Gilmer Jessee, the brother of Everett. At the home of Gilmer Jessee they obtained whiskey and did some drinking during the night, although there is no evidence that any of the occupants were under the influence of intoxicants at the time of the accident hereinafter mentioned. About eleven o'clock the next morning they left Ramsey for the purpose of returning to Coeburn. Salyer, while driving "pretty fast," began "zigzagging the car back and forth across the road." Everett Jessee remonstrated with the accused that a continuation of this reckless conduct would result in killing all of the occupants of the car. Notwithstanding this protest, the accused, after proceeding a short distance down the road, again "zigzagged" the car, with the result that it turned across the road, ran into a ditch, overturned and killed Everett Jessee.

A witness for the Commonwealth testified that upon his arrival on the scene, shortly after the accident, he assisted in righting the car, and that Salyer immediately got in it and drove off. This witness said he noticed nothing "wrong with the car" and that it ran "very well as Carnell drove away."

Several witnesses for the accused testified that the radius rod on the car was worn and loose, would fly out under pressure or strain or jolt, and that the displacement of this radius rod caused the car to overturn. While Salyer himself claims that this defective radius rod caused the car to upset, there is no denial by him that this occurred while he was deliberately "zigzagging" the car back and forth across the road.

The question then is, whether under the facts shown the accused can be adjudged guilty of involuntary manslaughter. This question, we think, must be answered in the affirmative.

As was said in *Mundy* v. *Commonwealth,* 144 Va. 609, 615, 131 S. E. 242, 244: "Involuntary manslaughter is the killing of one accidentally, contrary to the intention of the parties, in the prosecution of some unlawful, but not felonius, act; or in the improper performance of a lawful act."

In *Goodman* v. *Commonwealth,* 153 Va. 943, 948, 151 S. E. 168, 169, Chief Justice Prentis quoted from 1 McClain's Cr. Law, sec. 350, as follows: " 'Negligence which will render unintentional homicide criminal is such carelessness or recklessness as is incompatible with a proper regard for human life.' "

Section 2145 (3), Code of 1930, provides: "Any person who drives a vehicle upon a highway recklessly, or at a speed or in a manner so as to endanger, or be likely to endanger life, limb or property of any person shall be guilty of reckless driving and punished as provided in section sixty-seven of this act."

We have no hesitancy in saying that one who drives an "old, worn" automobile at a fast rate of speed, and at the same time deliberately "zigzags" it back and forth across the road, over the objections and remonstrances of an occupant, is operating it in a manner so as to endanger, or be likely to endanger, the life and limb of the occupants thereof, and hence is guilty of reckless driving within the meaning of the above statute. That the radius rod probably yielded to the added strain thus imposed on it, slipped out of place and caused the car to upset, as the accused contends, in no way lessens his blame for this accident. Certainly the jury had the right to infer from all of these facts and circumstances that the accused was guilty of "such carelessness or recklessness as is incompatible with a proper regard for human life."

As Chief Justice Prentis so aptly said in *Goodman* v. *Commonwealth*, 153 Va. 943, 952, 151 S. E. 168, 171, "When men, while drunk or sober, drive automobiles along highways . . . recklessly, the killing of human beings is a natural and probable result to be anticipated. When a homicide follows as a consequence of such conduct, a criminal intent is imputed to the offender and he may be punished for his crime."

The jury has found that the death of Jessee was the natural and probable result of the unlawful and dangerous act of the accused. This verdict has been upheld by the trial court. Our conclusion is that there is ample evidence to support the verdict, and the judgment is accordingly affirmed.

*Affirmed.*