## Richmond

ROY SPRADLIN AND FRANK JACKSON V. COMMONWEALTH
OF VIRGINIA.

January 25, 1954.

Record No. 4196.

Present, All the Justices.

The opinion states the case.

*T. W. Messick* and *Morton Honeyman*, for the plaintiffs in error.

*J. Lindsay Almond, Jr., Attorney General* and *C. F. Hicks, Assistant Attorney General,* for the Commonwealth.

SMITH, J., delivered the opinion of the court.

These two cases, by consent of the Commonwealth and the defendants, were heard together by a jury on two joint indictments under the maiming statute, Code, § 18-70; one charging that Roy Spradlin and Frank Jackson feloniously and maliciously assaulted one Charles M. Hamilton, and the other in identical language charging such assault upon one Gordon H. Richards. '

Both defendants pleaded not guilty to each indictment and at the trial relied on an alibi as their defense. The jury resolved the conflicts in the evidence adversely to the defendants and by its verdicts found each defendant guilty of assault and battery under each of the two indictments and fixed punishment at nine months in jail and a fine of $250.00 on each indictment. On these verdicts the court entered judgments on February 20, 1953, and sentenced the defendants.

This writ of error brings here for review those judgments of conviction. The only question properly presented by sufficient assignments of error is whether the evidence supports the verdicts.

Under an indictment charging felonious and malicious maiming with intent to maim, disfigure, disable or kill, the jury, if warranted by the evidence, may find the accused guilty of (1) malicious wounding with the intent to maim, disfigure, disable or kill; or (2) unlawful wounding with the same intent; or (3) simple assault and battery. *Crutchfield* v. *Commonwealth,* 187 Va. 291, 46 S. E. (2d) 340; *Honaker* v. *Commonwealth,* 136 Va. 752, 118 S. E. 85. See *Williams* v. *Commonwealth,* 153 Va. 987, 151 S. E. 151. Therefore, the jury's verdicts finding the defendants guilty of assault and battery were proper under the two indictments,

if supported by evidence establishing defendants' guilt beyond a reasonable doubt.

Charles M. Hamilton testified that around 8:15 p. m., on September 25, 1952, while he and Gordon H. Richards were sitting in a booth at the Steak House, a restaurant in the city of Roanoke, Virginia, one of the defendants, later identified by Hamilton as Roy Spradlin, came to the booth which they occupied and asked Hamilton why he had cursed him. When Hamilton, who did not know Spradlin and had never seen him before, replied that he had not done so, Spradlin struck him. A scuffle then ensued in which four or five men, including the defendants, joined in pushing and shoving Hamilton and Richards out of the restaurant into a parking lot.

Hamilton testified that "After Richards and me were shoved out of the door into the Steak House lot, Roy Spradlin knocked me down and he and one of the other persons were hitting me. A lot of fists were flying all over the place. I don't know who hit me other than Roy Spradlin as I was trying to protect myself. From what I could tell it appeared the other three men in the crowd were beating Gordon Richards and they left him lying in an unconscious condition in the lot."

The testimony of Richards was substantially the same as that of Hamilton. He stated, however, that: "I did not know any of the men in the fight. I do not recognize either of the defendants and do not know if they were in the crowd or not. Three or four men were hitting me. I was knocked down and kicked."

After the fight the assailants drove away together in an automobile which had been parked nearby. Richards was left lying unconscious on the ground with his face badly beaten and a cut around his eye that required four stitches. Hamilton received a cut on his forehead; his ribs and back were bruised and he missed two days from work as a result of the attack. About two months later Hamilton recognized the defendants as two of those who had participated in the

assault on Richards and himself and obtained warrants for their arrest.

It is conceded that the evidence is sufficient to warrant the conviction of Spradlin for the offense of assault and battery on Hamilton, but it is contended that the evidence is wholly insufficient to warrant his conviction of the offense of assault and battery on Richards. It is also contended that the evidence is wholly insufficient to warrant the conviction of Jackson of any offense. These contentions are based on the theory that conviction of the crimes charged in the indictments must be supported by evidence of actual violence inflicted by each defendant on both Hamilton and Richards. The Commonwealth, however, insists that even if the evidence is insufficient to show that Spradlin and Jackson were both guilty of violence against each of the persons assaulted, it is sufficient to show that they were present, aiding and abetting in the commission of the assault and therefore criminally responsible as charged in the indictments.

The applicable law which has been reaffirmed by this court in many cases is stated by Judge Kelly in *Brown* v. *Commonwealth*, 130 Va. 733, 736, 107 S. E. 809, 810, 16 A. L. R. 1039, as follows:

" 'A principal in the second degree is one not the perpetrator, but present, aiding and abetting the act done, or keeping watch or guard at some convenient distance.' Minor's Synopsis Crim. Law, page 11. See also *Horton's Case*, 99 Va. 848, 38 S. E. 184.

" 'Every person who is present at the commission of a trespass, encouraging or inciting the same by words, gestures, looks or signs, or who in any way, or by any means, countenances or approves the same, is, in law, assumed to be an aider and abettor, and is liable as principal.' Plaintiff's Instr. No. 1 in *Daingerfield* v. *Thompson*, 33 Gratt. (74 Va.) 136, 148, 36 Am. Rep. 783, approved by this court as the law.

"Mere presence when a crime is committed is, of course, not sufficient to render one guilty as an aider or abettor. There must be something to show that the person present and so charged, in some way procured, or incited, or encouraged, the act done by the actual perpetrator. *Kemp's Case*, 80 Va. 443, 450. But whether a person does in fact aid or abet another in the commission of a crime is a question which may be determined by circumstances as well as by direct evidence." Also see *Foster* v. *Commonwealth*, 179 Va. 96, 18 S. E. (2d) 314; *James* v. *Commonwealth*, 178 Va. 28, 16 S. E. (2d) 296; *Hurd* v. *Commonwealth*, 159 Va. 880, 165 S. E. 536; *Hodge* v. *Winchester*, 153 Va. 904, 150 S. E. 392; *Boggs* v. *Commonwealth*, 153 Va. 828, 149 S. E. 445; *Shiflett* v. *Commonwealth*, 151 Va. 556, 145 S. E. 336.

Every person who is present lending countenance, aiding or abetting another in the commission of an offense is liable to the same punishment as if he had actually committed the offense. In misdemeanor cases there are no accessories but all participants in the crime are principals. *Hodge* and *Foster* cases, *supra*; *Wooden* v. *Commonwealth*, 117 Va. 930, 86 S. E. 305; *Watts* v. *Commonwealth*, 99 Va. 872, 880, 39 S. E. 706. In felony cases such accessory is a principal in the second degree but is tried and punished as if a principal in the first degree. Code, § 18-3. Therefore, unless otherwise stated, if a statute makes an act criminal, it imposes on all persons who are present purposely giving aid and comfort to the actual wrongdoer criminal responsibility equal to that of the wrongdoer. *Adkins* v. *Commonwealth*, 175 Va. 590, 9 S. E. (2d) 349; *Rasnake* v. *Commonwealth*, 135 Va. 677, 115 S. E. 543; *Wooden* v. *Commonwealth*, *supra*.

But a person merely being present when a crime is committed and even consenting thereto is not guilty of an offense, unless he aids, abets, counsels or advises its commission. *Smith* v. *Commonwealth*, 185 Va. 800, 40 S. E.

(2d) 273; *Harold* v. *Commonwealth*, 147 Va. 617, 136 S. E. 658.

If there is concert of action with the resulting crime one of its incidental probable consequences, then whether such crime was originally contemplated or not, all who participate in any way in bringing it about are equally answerable and bound by the acts of every other person connected with the consummation of such resulting crime. The question of whether the offense is the natural and probable result of the intended wrongful act is usually for the jury. *Hurd*, *Boggs* and *Brown* cases, *supra*.

Judge Learned Hand, in *United States* v. *Peoni*, 100 F. (2d) 401, 402, after reviewing various definitions of aiding and abetting, said: "It will be observed that all these definitions have nothing whatever to do with the probability that the forbidden result would follow upon the accessory's conduct; and that they all demand that he in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed. All the words used—even the most colorless, 'abet'—carry an implication of purposive attitude towards it."

In the instant case Spradlin made the initial unprovoked assault and he and Jackson were positively identified and pointed out as two of the group of four or five assailants engaged in the wrongful act of forcing Hamilton and Richards out of the restaurant. In continuing this violence on the outside of the restaurant the attackers divided into two groups which proceeded to brutally beat Hamilton and Richards to such an extent that one suffered a cut around the eye, bruised ribs and back; and the other suffered a cut forehead, a badly beaten face, impairment of sight and was left unconscious on the ground while this ruffian gang drove away together in an automobile. Spradlin and Jackson were present and associated in this concerted action and participated in bringing it about.

The evidence shows beyond a reasonable doubt that the defendants were aiding and abetting in the commission of the crimes for which the jury found them guilty, and it is immaterial whether they actually inflicted the specific injuries received by Hamilton and Richards. Accordingly, the judgments of the trial court entered on the verdicts of the jury finding each of the defendants, Roy Spradlin and Frank Jackson, guilty of assault and battery on each of the indictments, are affirmed.

*Affirmed.*