# Richmond

DALE LEON POWERS v. COMMONWEALTH OF VIRGINIA.

November 30, 1970.

Record No. 7326.

Present, All the Justices.

*Murray J. Janus (W. Scott Street, III; Bremner, Byrne & Baber,* on brief), for plaintiff in error.

*A. R. Woodroof, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

I'ANSON, J., delivered the opinion of the court.

Dale Leon Powers, defendant, was charged in a warrant with un- lawfully operating a motor vehicle on a public highway in a reckless

manner in violation of Code § 46.1-189, as amended, 1967 Repl. Vol. Trial by jury was waived and the court, after hearing evidence, found defendant guilty as charged and fixed his punishment at sixty days in jail and a fine of $100.00. The court also revoked his driving privileges for a period of six months. Defendant is here on a writ of error and supersedeas to the judgment.

The sole question involved is whether the evidence is sufficient to support the conviction.

The evidence shows that the defendant and four friends had been "riding around" in automobiles on the night of May 3, 1968. The defendant was driving alone in his father's 1967 Plymouth, and the others were riding in two separate cars. After meeting at the Second Union School in Goochland County, the group decided to drive to George's Tavern (also called Fife) which is approximately two miles south on Route 606. Sometime after the first car left with a passenger, the defendant started out alone in his car "in kind of a rapid manner." Five to ten minutes later the third car followed. Approximately eight-tenths of a mile from the school the occupants of the third car came upon defendant's wrecked automobile in a ditch on the side of the highway, and the defendant was found lying in a ditch on the opposite side of the highway. No one else was in the vicinity.

Trooper W. R. Norship, of the Virginia State Police, arrived on the scene within an hour of the accident, which occurred at approximately 12:15 a.m. on May 4th. He reconstructed the path of defendant's vehicle from "impressions" left by it on the highway and "marks" on some trees off the east side of the roadway. His testimony shows that defendant's automobile left impressions on the road for a distance of over 840 feet before it veered off the east side of the highway, struck and "debarked" two trees which were 20 feet apart, and finally came to rest in a ditch on the west side of the highway. The motor was wrenched from the car, and it was found 36 feet from where the car had come to rest. The car travelled out of control a distance of over 900 feet.

The speed limit at the time and place of the accident was 55 miles per hour.

The highway at the scene of the accident was described as level, dry, black-top, with a slight curve, with no defects in the roadway and no traffic controls. The night was dark and clear.

When the sufficiency of evidence to support a conviction is challenged, it is our duty to view the evidence in the light most favor-

able to the Commonwealth and to uphold the conviction unless it is plainly wrong or without evidence to support it. *Cameron* v. *Commonwealth*, 211 Va. 108, 110, 175 S.E.2d 275, 276 (1970).

■ It is elementary that the burden is on the Commonwealth to prove every essential element of the offense beyond a reasonable doubt. The evidence must exclude every reasonable hypothesis of innocence and be consistent only with the guilt of an accused. *Cameron* v. *Commonwealth, supra,* 211 Va. at 110, 175 S.E.2d at 276.

Code § 46.1-189 provides:

> "Irrespective of the maximum speeds herein provided, any person who drives a vehicle upon a highway recklessly or at a speed or in a manner so as to endanger life, limb, or property of any person shall be guilty of reckless driving; provided that the driving of a motor vehicle in violation of any speed limit provision of § 46.1-193 shall not of itself constitute ground for prosecution for reckless driving under this section."

The word "recklessly" as used in the statute imparts a disregard by the driver of a motor vehicle for the consequences of his act and an indifference to the safety of life, limb or property. Speed alone is not a violation of this statute, but only becomes so when it endangers life, limb or property. See *Lamb* v. *Parsons*, 195 Va. 353, 358, 78 S.E.2d 707, 710 (1953).

The essence of the offense of reckless driving lies not in the act of operating a vehicle, but in the manner and circumstances of its operation. See *Salyer* v. *Commonwealth*, 165 Va. 744, 747, 181 S.E. 435, 436 (1935); 7 Am.Jur.2d, "Automobiles & Highway Traffic," § 264, at 816. The mere happening of an accident does not give rise to an inference of reckless driving. Annotation: 52 A.L.R.2d 1337, § 24, at 1367-68 (1957).

The Commonwealth argues that since defendant's car traveled an erratic course for more than 900 feet and struck the trees with such force that the motor was wrenched from it and defendant was thrown clear of the car and injured, reckless driving may be inferred. We do not agree.

The evidence is silent as to the speed at which the defendant was operating his car when it went out of control. The speed limit at the place of the accident was 55 miles per hour, and when an automobile traveling at that speed, or even less, goes out of control it seemingly defies all laws of physics and may be completely demolished when it

strikes an immovable object. *Richter* v. *Seawell*, 183 Va. 379, 382, 32 S.E.2d 62, 63 (1944).

We have no way of determining from the evidence in this record how and why the accident happened. The momentum of the automobile and its erratic course may be attributed to the accelerator sticking or a defect in the car's steering mechanism over which the defendant had no control. The defendant may have suffered a sudden illness, or he may have been confronted with a sudden emergency not caused by his own negligence. See *Hicks* v. *Cassidy*, 208 Va. 610, 614, 159 S.E.2d 827, 830 (1968); *Grasty* v. *Tanner*, 206 Va. 723, 728, 146 S.E.2d 252, 256 (1966).

The Commonwealth's evidence leaves much to speculation and conjecture as to what caused defendant to lose control of the car. We cannot say that the evidence here excludes every reasonable hypothesis of innocence and is consistent only with the guilt of the defendant. Hence, we are of opinion that the evidence is insufficient to support the conviction of reckless driving within the meaning of the statute.

The judgment is reversed and the case is dismissed.

*Reversed and dismissed.*