## CIRCUIT COURT OF ROCKINGHAM COUNTY

Commonwealth of Virginia

v.

Elton W. Miller

October 10, 1972

By JUDGE JOSHUA L. ROBINSON

These four appeals from convictions in the County Court come before this Court upon the following stipulated facts. M & W Security & Alarm Mfg. Co., Ltd., was indebted to four employees, Rebecca Ann Poole, Kay Conley Bragg, Carolyn Ettinger, and Joseph Shifflett, Jr., at the time of the termination of their employment. Such sums are still due and owing. Elton W. Miller was the sole stockholder and principal officer of the corporation during the period in question. It is also stipulated that the corporation was the "employer" of these four persons, and that they were not employed by the defendant in his individual capacity.

Kay Conley Bragg, secretary for the corporation, was terminated February 6, 1971, after having been paid $945.89 from December 1, 1970, through February 6, 1971. Carolyn Ettinger was terminated April 9, 1971. Joseph Shifflett, Jr., was terminated April 21, 1971, after having been paid $661.49 from December 1, 1970, through April 21, 1971. The corporation had experienced financial difficulties from December 1, 1970, through the end of April of 1971. The U.S. Government levied upon the assets of the corporation shortly after obtaining a judgment on April 30, 1971.

The offenses are charged under Section 40.1-29 of the Code of Virginia which provides in part:

> All employers engaged in the operation of any business establishment shall establish regular pay periods. . . . (and) Upon termination of employment an employee shall be paid all wages or salaries due him. . . . An employer who violates this section shall be guilty of a misdemeanor. . . . (See Leviticus 19:13).

The only statutory definition with reference to this statute is Section 40.1-2 in which "employer" is defined as follows:

> (4) Employer means an individual, partnership, association, corporation, legal representative, receiver, trustee, or trustee in bankruptcy doing business in or operating within the State who employs another to work for wages, salaries, or on commission.

No statute has been cited making a corporate officer *per se* guilty of a violation by the corporation. *Compare*, *e.g.*, Code Section 58-145.

Although "failure to pay wages within the time prescribed by the statute automatically constitutes a violation of the law and exposes the employer to criminal prosecution" and "it is no defense that he was financially unable to pay his employees' wages, did not willfully refuse to pay the wages when due, and did not intend to violate the statute," (48 Am. Jur. 2d, *Labor and Labor Relations*, Section 1817), it must be borne in mind that the corporation, not Miller, was the employer; thus, Miller could not be guilty of a *per se* violation.

Nonetheless, if Miller were a principal in the second degree, he could be guilty and punished as a principal in the first degree.

> Every person who is present lending countenance, aiding or abetting another in the commission of an offense is liable to the same punishment as if he had actually committed the offense. In misdemeanor cases there are no accessories but all participants in the crime are principals. In felony cases such accessory is a

principal in the second degree but is tried and punished as if a principal in the first degree. Therefore, unless otherwise stated, if a statute makes an act criminal, it imposes on all persons who are present purposely giving aid and comfort to the actual wrongdoer criminal responsibility equal to that of the wrongdoer.

But a person merely being present when a crime is committed and even consenting thereto is not guilty of an offense, unless he aids, abets, counsels or advises its commission. (Citations omitted). *Spradlin v. Commonwealth*, 195 Va. 523, 527 (1954).

The criteria of *Spradlin v. Commonwealth, supra,* apply equally when the primary offender is a corporation. The general rules under which a corporate officer may be held guilty of an offense committed by a corporation are stated in 19 Am. Jur. 2d, *Corporations,* Section 1391:

It is generally held that a director or officer of a corporation is not liable for an offense committed by the corporation, except where he has in some way participated with the corporation in the illegal act as a principal or as an aider, abetter, or accessory, notwithstanding the corporation's offense consists of the violation of a statute which imposes imprisonment as a penalty. An officer of a corporation, no matter how great his responsibility, is not as a general rule criminally liable for the acts of the corporation performed through other officers and agents who are not acting under his direction or with his permission. The general rule is that where the crime charged involves guilty knowledge or criminal intent, it is essential to the criminal liability of an officer of the corporation that he actually and personally did the acts which constitute the offense or that they were done by his direction or permission. An officer or agent, however, cannot shield himself from criminal responsibility for his own act on the ground that it was done·

in his official capacity as an officer of a corporation; nor can he assert that acts in corporate form are not his acts merely because they are carried out by him through the instrumentality of a corporation which he controls and dominates and which he employs for that purpose.

Thus, to justify a conviction of the defendant, the evidence must show beyond a reasonable doubt that the individual defendant performed an overt act which made him a principal by actively aiding, abetting, counseling or advising the corporation's criminal offense.

In this case, there is no showing that the defendant directed the corporation's offense. When Ms. Poole was terminated, Mr. Miller was hospitalized and unable to ensure her payment. Failure to pay her after his release constituted mere inaction which, in the absence of a showing that the defendant was able to do what the law required, does not constitute an overt act. With respect to Carolyn Ettinger, the Court cannot find beyond a reasonable doubt that the corporation was able to pay her upon her termination, and that the defendant committed an overt act to prevent such payment. Further, there is no showing that the defendant committed an overt act to prevent the corporation from paying the balance due Joseph Shifflett, Jr., upon termination or that the defendant failed to act when he had the ability to do so. Nor is there a showing that the corporation had the ability to pay Ms. Bragg upon her termination, and thus no showing that the defendant was guilty of a criminal failure to act when he had the ability to do so. Indeed, if we exceed the stipulation and assume that Ms. Bragg, the bookkeeper and secretary for the corporation who was especially familiar with the financial condition of the business, had the authority to draw checks and the duty to pay employees, we would be confronted with the question of whether she was guilty of an offense by failure to pay her own salary, although the corporation had no funds on deposit to cover the check.

Thus, Mr. Miller did not participate in the corporation's illegal acts. At most, he consented to the corporation's offense as indicated by his failure to act, but

did not advise its commission and such conduct does not amount to an offense. *Spradlin v. Commonwealth, supra.*

The case of *Crall and Ostrader v. Commonwealth,* 103 Va. 855 (1905), is distinguishable for there the Court held that a vice-principal is *prima facie* liable for the illegal acts of his agent done in a general course of an illegal business authorized by the principal. The vice-principal had committed an overt act by having the agent act pursuant to his authority. The defendant in the case at bar committed no such overt act.

Judgments of not guilty will be entered and the prosecutions dismissed.