COURT OF APPEALS OF VIRGINIA

Present:  Judges Bumgardner, Humphreys and Senior Judge Willis
Argued at Alexandria, Virginia


MAUREEN PILAR FALO

v.    Record No. 2730-01-4

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE ROBERT J. HUMPHREYS
DECEMBER 17, 2002

FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
Kathleen H. MacKay, Judge

Frank Salvato for appellant.

Robert H. Anderson, III, Senior Assistant
Attorney General (Jerry W. Kilgore, Attorney
General, on brief), for appellee.


Maureen Falo appeals her conviction, after a jury trial,

for grand larceny, in violation of Code § 18.2-95.  Falo

contends the trial court erred in finding the evidence

sufficient to establish she committed the offense, as a

principal in the second degree.  We disagree and affirm the

conviction.

"Where the sufficiency of the evidence is challenged after

conviction, it is our duty to consider it in the light most

favorable to the Commonwealth and give it all reasonable

_____

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.  Further, because this opinion has
no precedential value, we recite only those facts essential to
our holding.

inferences fairly deducible therefrom." Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). So viewed, the evidence established that on December 22, 2000, Falo and her sister, Cristina, were shopping in a Neiman Marcus store in McLean, Virginia. When the women arrived at the store, Falo was carrying a purse and a garment bag, which contained a coat she had purchased from another store earlier that day. Cristina was carrying a purse and a blue shopping bag.

While the women were in the store, Kevin Solan, a security officer for Neiman Marcus, observed the women, via video monitors, engage in what he considered to be suspicious behavior.[1] Solan first observed Falo select a red tank top from the end of a rack of coats, and take it from the rack to look at it.[2] Falo then placed the tank top back on the rack, but put it between two of the coats. Falo then walked away from the rack, but returned a few moments later with Cristina. At that time, Solan saw Falo take a brown coat from the rack, remove it from its hanger, and give it to Cristina. The women then continued to browse.

---

[1] During trial, the jury viewed portions of four videotapes reflecting most of the events to which Solan testified.

[2] Solan testified that the tank top had been misplaced on the rack of coats and would not normally have been hanging on that particular rack.

A short time later, Solan observed Falo select a black coat, from a different area of the store, and carry it, on its hanger, to a "hard aisle" of the store where she met up with Cristina. At that point, Solan observed Falo take the garment bag she was carrying and place it "over the top" of the brown coat Cristina was holding. Falo then went to a store register and placed the black coat she had selected on hold.

While Falo was placing the black coat on hold, Solan watched Cristina go to another area of the store, walk behind an unmanned register, and take an empty, red Neiman Marcus shopping bag from behind the register. Cristina carried the open shopping bag with her as she continued to browse the store aisles.

Solan next observed, that after placing the black coat on hold, Falo returned to the rack of coats, where she had hung the red tank top. Falo took the red tank top from its hanger and "folded it up in her arms." She then walked over to Cristina and gave her the shirt. At that time, Cristina took all of the items she was carrying to a fitting room, in another area of the store.

While Cristina was in the fitting room, Falo continued to shop. Solan saw Falo select another black coat, as well as three other tank tops, and take them to Cristina's fitting room. The new tank tops were "sky blue," "pink," and "red." Falo did

-

not remove any of these items from their hangers before handing them to Cristina.

Shortly thereafter, another security officer, Dee Dee Laucevicius, who had gone to the floor to observe the women more closely, saw Cristina, through the slats in the dressing room door, place the brown jacket and red tank top in the Neiman Marcus shopping bag. A few moments later, Cristina emerged, met up with Falo, and returned the black coat, and the three tank tops on hangers, to a sales associate. Both Falo and Cristina then proceeded to leave the store.

As the women left the store, Solan and Laucevicius observed that Cristina was still carrying her purse, her blue shopping bag, and Falo's garment bag. However, she was also carrying the red Neiman Marcus bag, which now visibly contained items. Solan and Laucevicius stopped the women just outside of the store doors. They retrieved the Neiman Marcus shopping bag and found the brown coat and red tank top inside.

While questioning the women in a back room of the store, Solan asked "Is there anything else I should know about the merchandise . . . that I should know about that I haven't recovered?" In response, Falo replied, "Cristina, tell him." At trial, the evidence established that the price for the red tank top was $150 and that the price for the brown coat was $780. On this evidence, the trial court found Falo guilty of grand larceny, as a principal in the second degree.

-

On appeal, Falo contends the trial court erred in finding the evidence sufficient to establish that she committed the offense as a principal in the second degree. Specifically, Falo argues the evidence did not exclude the reasonable possibility that Cristina acted alone. We disagree.

"A principal in the second degree is one who is not only present at a crime's commission, but one who also commits some overt act, such as inciting, encouraging, advising, or assisting in the commission of the crime or shares the perpetrator's criminal intent." Moehring v. Commonwealth, 223 Va. 564, 567, 290 S.E.2d 891, 892 (1982) (citations omitted). "In order for a person to be a principal in the second degree to a felony, the individual must 'know or have reason to know of the principal's criminal intention and must intend to encourage, incite, or aid the principal's commission of the crime.'" Jones v. Commonwealth, 15 Va. App. 384, 387, 424 S.E.2d 563, 565 (1992) (quoting McGhee v. Commonwealth, 221 Va. 422, 427, 270 S.E.2d 729, 732 (1980)). Furthermore,

> [w]hether an accused knew or had reason to know of the principal's criminal intention, whether an accused encouraged the principal's commission of the crime, and whether the encouragement induced the principal's commission of the crime are questions of fact to be resolved by the fact finder unless reasonable persons could not disagree as to the resolution of these issues.

-

McGhee, 221 Va. at 427, 270 S.E.2d at 733.  "Every person who is present lending countenance, aiding or abetting another in the commission of an offense is liable to the same punishment as if he had actually committed the offense."  Spradlin v. Commonwealth, 195 Va. 523, 527, 79 S.E.2d 443, 445 (1954) (citations omitted).

> In Brown v. Commonwealth, 130 Va. 733 at 736, 107 S.E. 809 at 810, 16 A.L.R. 1039, the court said:  "Mere presence when a crime is committed is, of course, not sufficient to render one guilty as aider or abettor. There must be something to show that the person present and so charged, in some way procured, or incited, or encouraged, the act done by the actual perpetrator."  Kemp's Case, 80 Va. 443, 450.  But whether a person does in fact aid or abet another in the commission of a crime is a question which may be determined by circumstances as well as by direct evidence.

Shiflett v. Commonwealth, 151 Va. 556, 561, 145 S.E. 336, 338 (1928).  Nevertheless,

> "[w]hen the evidence is wholly circumstantial . . . all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.  The chain of necessary circumstances must be unbroken. Nevertheless, it is within the province of the jury to determine what inferences are to be drawn from proved facts, provided the inferences are reasonably related to those facts."

Dowden v. Commonwealth, 260 Va. 459, 468, 536 S.E.2d 437, 441 (2000) (quoting Inge v. Commonwealth, 217 Va. 360, 366, 228 S.E.2d 563, 567-68 (1976)).

-

Here, the evidence established not only that Falo was present, but that she personally identified the two items eventually stolen by Cristina, and gave them to Cristina. Falo also placed her own garment bag over the top of the brown coat after she gave it to Cristina, effectively concealing it from view. Moreover, Falo removed only the stolen items - the red tank top and the brown coat - from their hangers, despite the fact that she handled many items in the store and provided Cristina with several other items to try on in the fitting room.

Perhaps more importantly, after Cristina left the fitting room, Falo was with her when she returned several items to the sales associate, but did not return the brown coat and the red tank top. Falo was also with Cristina as Cristina left the store carrying the red Neiman Marcus shopping bag. The bag was visibly filled with items, although Cristina had made no purchases in the store. Finally, when Solan questioned the girls about the incident and asked whether there was anything more he should know, Falo responded as if she had knowledge of the theft, stating, "Cristina, tell him."

Under familiar principles, "it is our duty to look to that evidence which tends to support the verdict and to permit the verdict to stand unless plainly wrong. If there is evidence to sustain the verdict, this court should not overrule it and substitute its own judgment, even if its opinion might differ

-

from that of the jury."  Tasker v. Commonwealth, 202 Va. 1019, 1026, 121 S.E.2d 459, 464 (1961) (citations omitted).  Further,

> [t]he inferences to be drawn from proven facts, so long as they are reasonable, are within the province of the trier of fact. The mere possibility that the accused might have had another purpose than that found by the fact finder is insufficient to reverse a conviction on appeal.  It is permissible for the fact finder to have concluded that a person intended the immediate, direct, and necessary consequences of his voluntary acts.

Hancock v. Commonwealth, 12 Va. App. 774, 782-83, 407 S.E.2d 301, 306 (1991) (citations omitted).

Although any single circumstance here may not have been sufficient to establish Falo's culpability, we hold that based upon the totality of the circumstances, a jury could have reasonably concluded that Falo knew about the offense, lent her "countenance" to the theft, and in fact "aided and abetted" Cristina by providing her with the merchandise and helping her to conceal her conduct.  See Foster v. Commonwealth, 179 Va. 96, 100, 18 S.E.2d 314, 316 (1942) ("[P]roof that a person is present at the commission of a crime without disapproving or opposing it, is evidence from which, in connection with other circumstances, it is competent for the jury to infer that he assented thereto, lent to it his countenance and approval, and was thereby aiding and abetting the same.").  Moreover, contrary to Falo's argument, the evidence as a whole clearly excluded any reasonable hypothesis that Falo had no knowledge of Cristina's

-

conduct and that Cristina acted solely on her own.  See Spencer

v. Commonwealth, 238 Va. 275, 283-84, 384 S.E.2d 775, 779 (1989)

(noting the hypotheses of innocence "which must be . . .

excluded are those which flow from the evidence itself, and not

from the imaginations of defense counsel").

For these reasons, we hold the evidence was sufficient to

sustain the jury's verdict of guilt beyond a reasonable doubt,

and we affirm the trial court's entry of final judgment.

Affirmed.