COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Bumgardner and Humphreys
Argued at Richmond, Virginia


JONTE MIKELL HEMBRICK

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 2231-01-2        JUDGE RUDOLPH BUMGARDNER, III
                                           DECEMBER 17, 2002
COMMONWEALTH OF VIRGINIA


               FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                         Thomas N. Nance, Judge

               Craig S. Cooley (Robin M. Morgan; Davis &
               Morgan, on brief), for appellant.

               Linwood T. Wells, Jr., Assistant Attorney
               General (Jerry W. Kilgore, Attorney General,
               on brief), for appellee.


     The trial court convicted Jonte Mikell Hembrick during a

bench trial of two counts of first degree murder.  He contends

the evidence was insufficient to support his convictions and the

trial court erred in rejecting his defense of duress.  Finding

no error, we affirm.

     We view the evidence and all reasonable inferences

therefrom in the light most favorable to the Commonwealth.

Commonwealth v. Taylor, 256 Va. 514, 516, 506 S.E.2d 312, 313

(1998).  The defendant, Tieonne Thomas, Nathaniel Robinson,

Bernell Lewis, and Eunice Carmon were at Sandra Dunn's house.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

The murder victims, Christy Lucas and Heidi McGehee, were also present but in a bedroom with Thomas. Thomas's girlfriend, Naquisha Silver, and a friend arrived and knocked on the door. Dunn and the defendant delayed opening the door until Thomas had come into the living room and he pretended to be asleep.

Silver was angry at the delay. Thomas pretended to be angry at Lewis and the defendant for causing the delay in opening the door. While winking at them, Thomas pushed Lewis and slapped the defendant. The defendant left the house, but he returned 15-30 minutes later.

When Christy Lucas and Heidi McGehee came into the living room from the bedroom, Silver accused them of having sex with Thomas. Thomas grabbed Christy Lucas by the throat and slammed her against the wall. Eunice Carmon ordered the two girls to undress, get on the floor, and perform oral sex on each other. She inserted a bottle into Heidi McGehee and hit her with a belt.

Thomas and Robinson began kicking Heidi McGehee. Thomas told the defendant to kick her, and he did. The defendant kicked her several times and at least once in the head. He also yelled an obscenity at her while kicking. He then sat down and watched as Thomas and Robinson continued kicking the two girls. At some point, the defendant left. Later Thomas and Robinson also left, but all three returned together approximately fifteen minutes later.

-

The defendant sat in the living room while Thomas and Robinson resumed kicking Christy Lucas. When Robinson put a hot iron on the backs of the girls, Heidi McGehee did not move and Christy Lucas only trembled and made a gurgling sound. Thomas and Robinson kicked Christy Lucas some more. The violence then focused on Sanda Dunn, although the defendant left before it did. Those remaining tied her to a chair, and after kicking her, they poured gasoline around the house and burnt it down. Heidi McGehee died from multiple blunt head injuries, and Christy Lucas died from a combination of blunt head trauma and a stab wound to her back.

The defendant initially told the police he was not present at all. Later he admitted he was present but denied taking part in the attacks. He said Thomas "ain't make me do nothing. [He] made me sit down and shut up. . . . And made me watch out the door. That what he made me do. He ain't make me do nothing."

The defendant testified that he fled the house because he did not think Thomas was kidding when he slapped the defendant. He acknowledged that Bernell Lewis warned him not to return to the house the first time. The defendant contended he only returned the second time because Thomas and Robinson found him and forced him back at gunpoint. He maintained he only sat and watched while the others kicked the victims. The defendant denied touching, kicking, or cursing the victims. He testified that the others would not let him leave and that he was afraid.

-

The trial court found:

> [t]his young man left . . . [and] [h]e came
> back up there on his own. He is a minor
> player, compared to the other folks in
> there, but I have no reason to believe that
> he did not participate. He was present,
> aiding and abetting in the stomping and
> kicking of these woman [sic], that they
> kicked . . . to death. He was part of the
> frenzy. He was part of the pack of animals
> that did that. He is guilty of murder.

The defendant contends the trial court erred in finding the evidence sufficient to support his convictions of first degree murder.

Heidi McGehee died from blunt head trauma. The defendant took part in kicking her and kicked her in the head at least once. When "two or more persons take a direct part in inflicting fatal injuries, each joint participant is an 'immediate perpetrator.'" Strickler v. Commonwealth, 241 Va. 482, 495, 404 S.E.2d 227, 235 (1991) (quoting Coppola v. Commonwealth, 220 Va. 243, 256-57, 257 S.E.2d 797, 806 (1979)). As the trial court accurately portrayed the scene, the defendant was "part of the pack of animals" that kicked Heidi McGehee to death. The evidence proves beyond a reasonable doubt that the defendant was a joint participant and, as such, a principal in the first degree to the murder of Heidi McGehee.

Christy Lucas died from a combination of head trauma and a stab wound. The evidence does not indicate the defendant inflicted any injuries directly to her, but it does show he was

-

a principal in the second degree.  "A person who is present at the commission of a crime, inciting, encouraging, advising or assisting in the act done, is deemed to be an aider and abettor, and is liable as principal [in the second degree]."  Taylor v. Commonwealth, 260 Va. 683, 688, 537 S.E.2d 592, 594 (2000) (citing Snyder v. Commonwealth, 202 Va. 1009, 1015, 121 S.E.2d 452, 457 (1961)).  Spradlin v. Commonwealth, 195 Va. 523, 528, 79 S.E.2d 443, 445 (1954), held:

> If there is concert of action with the resulting crime one of its incidental probable consequences, then whether such crime was originally contemplated or not, all who participate in any way in bringing it about are equally answerable and are bound by the acts of every other person connected with the consummation of such resulting crime.

The defendant voluntarily returned to the house after being advised not to.  He was within several feet of both helpless victims.  His direct participation in the attack on Heidi McGehee was active participation in the overall aggression directed at both girls.  In addition, the trial court was not required to believe the defendant's explanation that he took no part.  If the trial court did not believe that explanation, it could infer the defendant was lying to conceal his guilt.  Black v. Commonwealth, 222 Va. 838, 842, 284 S.E.2d 608, 610 (1981); Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991).  The evidence proves beyond a reasonable doubt that

-

the defendant was a principal in the second degree to the murder of Christy Lucas.

The defendant contends the trial court failed to properly consider his defense of duress. Duress, however, is generally not available as a defense to murder. Arnold v. Commonwealth, 37 Va. App. 781, 787, 560 S.E.2d 915, 918 (2002). One "'ought rather to die himself than escape by the murder of an innocent.'" Rollin M. Perkins, Perkins on Criminal Law 951 (2d ed. 1969) (quoting 4 Blackstone Commentaries 30). Even if it were available, it would not apply to the facts of this case.

The trial court found the defendant voluntarily returned and participated. The defendant never claimed that threats caused him to take part in the attacks. The defense does not apply when "the defendant 'fails to take advantage of a reasonable opportunity to escape, or of a reasonable opportunity to avoid doing the acts without being harmed . . . .'" Graham v. Commonwealth, 31 Va. App. 662, 674-75, 525 S.E.2d 567, 573 (2000) (quoting Pancoast v. Commonwealth, 2 Va. App. 28, 33, 340 S.E.2d 833, 836 (1986)). The facts in this case permitted the trial court to reject the defense of duress.

The evidence was sufficient for the trial court to find beyond a reasonable doubt that the defendant was guilty of each count of first degree murder. Accordingly, we affirm.

Affirmed.

-