## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

    v.

John D. Howlett, Jr.

May 8, 2003

Case No. (Criminal) CR02005362

BY JUDGE EVERETT A. MARTIN, JR.

At the conclusion of Mr. Howlett's trial on charges of grand larceny and conspiracy to commit grand larceny, I found the evidence insufficient to establish that the value of the goods taken was $200. I therefore convicted Howlett of petit larceny, and I took under advisement whether the crime of conspiracy to commit a misdemeanor exists in Virginia, and, if so, whether it is a lesser included offense of the conspiracy for which Howlett was indicted. I also stated that I believed Howlett could be convicted of petit larceny as a principal in the second degree.

As I recall the evidence, Howlett and a Mr. Lambert agreed to break into cars to steal various electrical components. Lambert broke into the cars and stole the items in question. Howlett was nearby serving as a lookout.

*Principal in the Second Degree*
*to the Commission of a Misdemeanor*

Code of Virginia § 18.2-18 governs only felonies, but "at common law, in misdemeanors, there are no accessories, all concerned being principals." *Watt's Case*, 99 Va. 872, 880, 39 S.E. 706, 708 (1901); *Hodge* v. *City of Winchester*, 153 Va. 904, 908, 150 S.E. 392, 394 (1929). See also *Fleming* v. *Commonwealth*, 13 Va. App. 349, 356, 412 S.E.2d 180, 185 (1991). "Any person who is proven to have had the requisite mental state and to have done

sufficient acts to have criminal liability is a principal; otherwise, he is innocent." Groot, *Criminal Offenses and Defenses in Virginia*, p. 390 (4th ed. 1998). Howlett is thus guilty of petit larceny.

*Conspiracy to Commit a Misdemeanor*

Code of Virginia § 18.2-22 makes felonious a conspiracy to commit a felony. There is no statute in Virginia touching on conspiracies to commit misdemeanors, nor have I found any reported Virginia case on the subject. However, the Supreme Court of Virginia has defined "conspiracy" as "an agreement between two or more persons by some concerted action to commit an offense." *Falden* v. *Commonwealth*, 167 Va. 542, 544, 189 S.E. 326, 327 (1937). I can think of no reason why "an offense" cannot include a misdemeanor as well as a felony.

In the absence of a statute or constitutional provision, the common law of England is in "full force" within Virginia and is the "rule of decision." Code of Virginia § 1-10. Under the common law of England a conspiracy to commit a misdemeanor is an offense; in fact, the common law in many instances punished a conspiracy to commit an act that was unlawful but not criminal. "Every confederacy to injure individuals, or to do acts which are unlawful, or prejudicial to the community, is a conspiracy." Blackstone, *Commentaries on the Laws of England*, vol. 4, p. 137, n. 4 (Christian ed. 1809). "There can be no doubt, but that all confederacies whatsoever, wrongfully to prejudice a third person, are highly criminal at common law." Hawkins, *Pleas of the Crown*, bk. I, c. 72, § 2, p. 348 (6th ed. 1716). See also Sayre, "Criminal Conspiracy," 35 *Harvard Law Review* 393 (1922); 15A C.J.S., *Conspiracy*, § 47.

This broad view of criminal conspiracy has some support in Virginia, and it has been adopted by most of the states of the Union. Our Supreme Court has held that a conspiracy to injure a person in his trade or occupation is indictable. *Crump* v. *Commonwealth*, 84 Va. 927, 6 S.E. 620 (1888). See also *Anderson* v. *Commonwealth*, 26 Va. (5 Rand.) 628 (1826) (holding in *dictum* that a conspiracy to commit certain sexual acts not statutorily proscribed would be a common law misdemeanor). See also 15A C.J.S., *Conspiracy*, § 35(1). If a conspiracy to commit a wrongful, but not criminal, act is a crime, a conspiracy to commit a misdemeanor is a crime.

The General Assembly may abrogate the common law, but its intent to do so must be plainly manifested. *Wackwitz* v. *Roy*, 244 Va. 60, 418 S.E.2d 861 (1992). When a statute "does not encompass the entire subject covered by the common law, it abrogates the common law rule only to the extent that its

terms are directly and irreconcilably opposed to the rule." *Boyd* v. *Commonwealth*, 236 Va. 346, 349, 374 S.E.2d 301, 302 (1988).

A conspiracy to commit a felony was a misdemeanor at common law. *Callanan* v. *United States*, 364 U.S. 587 (1961); 15A C.J.S., *Conspiracy*, § 77. The first Virginia statute making it felonious to conspire to commit murder, rape, robbery, and certain other felonies was former Va. Code § 4483b, enacted in 1934. That statute was repealed and superseded by 1972 Acts of Assembly, c. 484, the first version of the present § 18.2-22, which makes felonious the conspiracy to commit any felony. These statutes were enacted to increase the penalties for conspiracy to commit felonies. No statute of which I am aware, past or present, has expressly abrogated the common law rule that a conspiracy to commit a misdemeanor is an offense.

It further appears to me that a conspiracy to commit petit larceny would be a lesser included offense of conspiracy to commit grand larceny. The punishment for a conspiracy to commit a misdemeanor would be prescribed by Va. Code § 18.2-12.