COURT OF APPEALS OF VIRGINIA


Present:  Judges Annunziata, Bumgardner and Clements
Argued at Alexandria, Virginia


ROBERT SYLVESTER DAVIS, JR.

v.   Record No. 1716-00-2

COMMONWEALTH OF VIRGINIA                          OPINION BY
                                        JUDGE ROSEMARIE ANNUNZIATA
ISHAM D. DAVIS                                   JULY 31, 2001

v.   Record No. 1813-00-2

COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                        James B. Wilkinson, Judge

              (Cary B. Brown; Bowen, Bryant, Champlin &
              Carr, on brief), for appellant Robert
              Sylvester Davis, Jr.  Appellant submitting
              on brief.

              William T. Linka (Boatwright & Linka, on
              brief), for appellant Isham D. Davis.

              (Mark L. Earley, Attorney General; John H.
              McLees, Jr., Senior Assistant Attorney
              General, on briefs), for appellee.  Appellee
              submitting on briefs.


     The appellants, Robert Sylvester Davis, Jr. and Isham D.

Davis, appeal the sentences imposed by a jury impaneled for the

purpose of resentencing them upon their conviction for second

degree murder, in violation of Code § 18.2-32.  The two

appellants and a third codefendant, Jermaine Harris, were

originally tried jointly and appealed their respective

sentences.  Upon remand by this Court, the jury resentenced all three codefendants to twelve years each.  The appellants allege that during the resentencing hearing the court erred in instructing the jury on a concert of action theory.  For the following reasons, we affirm.

BACKGROUND

The appellants, along with another codefendant, Jermaine Harris, were convicted of second-degree murder in a joint jury trial for the beating death of Vincent Hall.  The jury in the original sentencing proceeding fixed punishment at twenty years in prison for each of the defendants.  All three appealed, alleging, inter alia, that the prosecutor had made improper and prejudicial comments to the jury during the sentencing proceeding.  We agreed, vacated the sentences, and remanded to the circuit court for a new sentencing proceeding.

On remand in the circuit court, relevant portions of the testimony detailing the crime were read to the jury.  The Commonwealth also introduced evidence regarding each defendant's criminal history, and the Commonwealth called the victim's mother to testify as to the impact of the crime.  In mitigation, the three defendants introduced other portions of the trial testimony concerning how the fight began, together with the testimony of Robert Davis's mother.

At the conclusion of the evidence, the trial court, sua sponte, ruled that it would give the jury the same concert of

action instruction that had been given to the previous jury during the guilt phase of the trial. Each of the defendants objected, claiming the instruction violated his right to be sentenced individually. The trial court overruled the objection and instructed the jury, <u>inter</u> <u>alia</u>, that:

> If there is concert of action with the resulting crime one of its incidental probable consequences, then whether such crime was originally contemplated or not, all who participate in any way in bringing it about are bound by the acts of every other person connected with the consummation of such resulting crime. Now, that does not mean that you have to give all three of the defendants the same punishment. That just says that they're all bound by the acts of the other. You decide the punishment for each individual defendant. Do you understand that? All right. You have heard the evidence. These are the instructions. I am not sure whether you have any questions or not, but if you do I will try to answer them if I can. All right. Seeing no questions from the jury, you may summarize your case.

The jury fixed each defendant's punishment at twelve years in prison, and the court imposed judgment in accordance with those verdicts. The appellants now appeal separately from the judgment of the court.

<u>ANALYSIS</u>

The appellants contend the court's issuance of a concert of action instruction improperly influenced the jury's deliberation and prevented the appellants from being sentenced as individuals. We disagree.

A joint trial for the purpose of resentencing each of the defendants was proper under the circumstances of the case. Code § 19.2-262.1 provides, "[o]n motion of the Commonwealth, for good cause shown, the court shall order persons charged with participating in contemporaneous and related acts or occurrences or in a series of acts or occurrences constituting an offense or offenses, to be tried jointly unless such joint trial would constitute prejudice to a defendant." See also Rule 3A:10(a).

The purpose and function of jury instructions are to confer upon the trier of fact the legal basis for which a defendant may be found guilty and for which he or she could be punished. The Virginia Supreme Court in Spradlin v. Commonwealth, 195 Va. 523, 528, 79 S.E.2d 443, 445 (1954), established the concert of action theory of guilt and explicitly related it to an accomplice theory of punishment. The Court found that, based on the defendants' concerted action, they had aided and abetted in the commission of the crime and that each was "liable to the same punishment as if he had actually committed the offense," each being an "accessory . . . [or] principal in the second degree, but . . . tried and punished as if a principal in the first degree." Id. at 527, 79 S.E.2d at 445. Subsequently, in Riddick v. Commonwealth, 226 Va. 244, 308 S.E.2d 117 (1983), the Supreme Court reiterated its holding:

> [T]he evidence establishes that Riddick and
> Butts were acting in concert. . . . Due to
> the concert of action, defendant is deemed

to have shared Butts' intent.  Thus, even if Butts killed one victim, defendant was criminally responsible for the acts of the gunman, Butts, as a principal in the second degree.  And every principal in the second degree may be indicted, tried, convicted, and punished, with certain exceptions not applicable here, as if a principal in the first degree.

Id. at 248, 308 S.E.3d at 119 (citing Code § 18.2-18, which provides:  "every principal in the second degree and every accessory before the fact may be indicted, tried, convicted and punished in all respects as if a principal in the first degree . . ."); see also Charlton v. Commonwealth, 32 Va. App. 47, 526 S.E.2d 289 (2000).  In short, the Supreme Court treats concert of action as a species of accomplice liability, carrying with it the principle that the punishment imposed on each accomplice may be the same.

Upon remand for resentencing, the nature and circumstances of the crime committed by the appellants were properly before the jury.  Watkins v. Commonwealth, 229 Va. 469, 479-80, 331 S.E.2d 422, 431 (1985) (new jury impaneled for resentencing would have to be informed of nature and circumstances of offense).  Integral to the circumstances underlying this case was each defendant's action in concert with others in committing the offense, which made each defendant equally culpable for the acts of the others, and answerable for the consequences.  Accordingly, the court was required to give a concert of action instruction to the jury, advising them that each participant in

the crime may be held accountable for the actions of the other participants. Spradlin, 195 Va. at 528, 79 S.E.2d at 445 ("If there is concert of action with the resulting crime one of its incidental probable consequences, then whether such crime was originally contemplated or not, all who participate in any way in bringing it about are equally answerable and bound by the acts of every other person connected with the consummation of such resulting crime."); see also Westry v. Commonwealth, 206 Va. 508, 514, 144 S.E.2d 427, 431 (1965); Boggs v. Commonwealth, 153 Va. 828, 836-37, 149 S.E. 445, 447 (1929).

In this case, the jury instruction properly explained the legal basis for imposing punishment. It did not instruct the jury on the specific penalty to impose. The court instructed the jury that they did not have to give each defendant the same sentence and were, in fact, required to punish each defendant individually. Furthermore, individualized evidence regarding the appropriate penalty was admitted, including each defendant's role in the crime and their respective criminal histories.[1]

---

[1] Isham Davis had been convicted twice of violating probation. Robert Davis had been convicted of unauthorized use of an automobile. Jermaine Harris had been convicted of two assaults, distribution of cocaine, and a violation of probation. The testimony read to the jury showed that Vincent Hall, the victim, was attacked by a group of people, which included the three defendants, following Hall's altercation with a woman. Hall was thrown to the ground and the group continued to "kick[] and stomp[]" Hall for a period of twenty to twenty-five minutes, while Hall lay on the ground bleeding and "moaning." Despite the pleas of witnesses to the attack, the group did not stop beating Hall until the police arrived. The evidence showed that Isham and Robert Davis "kicked and stomped" Hall's head during the attack, while codefendant Jermaine Harris kicked Hall's legs.

Contrary to appellants' contention, the fact that each defendant received the same sentence does not compel a finding that the jury disregarded the court's instruction that each defendant be considered individually for purposes of punishment and that the jury failed to sentence each defendant individually.  See LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983) (it is presumed that jury followed court's instruction).  The punishments imposed bear a rational relationship to the circumstances of the crime and the individual histories of each defendant.

Finally, we reject appellants' argument that because the Commonwealth cannot introduce evidence of a sentence received by one codefendant in the separate trial of another codefendant, the court erred in instructing the jury on a concert of action theory at appellants' joint sentencing hearing.  See Ward v. Commonwealth, 205 Va. 564, 573, 138 S.E.2d 293, 300 (1964); Brown v. Commonwealth, 3 Va. App. 101, 103, 348 S.E.2d 408, 409-10 (1986); Walker v. Commonwealth, 212 Va. 289, 291, 183 S.E.2d 739, 741 (1971) ("[A] defendant has a right to have his guilt or innocence, and punishment, determined by the evidence against him and not by what sentence has been imposed in another criminal prosecution against an accomplice, a co-defendant or anyone else.").  The infirmity sought to be avoided in the line of cases cited by appellants is the imposition of a sentence by

rote application of a prior sentence and "in the abstract,"
viz., without evidence relevant to each of the sentencing
factors, including the defendant's criminal history, the
particular role the defendant played in the commission of the
crime, and evidence of any mitigating or aggravating
circumstances attending the crime uniquely associated with the
defendant.  In this case, a single jury had before it all the
evidence relevant to its determination of an appropriate
sentence for each of the defendants.  We find that the procedure
followed is fully consistent with the principles articulated in
Ward and its progeny.

Because we find no error in the instruction given by the
court, we affirm.

Affirmed.