UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges AtLee, Causey and Senior Judge Haley
Argued at Richmond, Virginia

CHANNIECE ARGEAN ROSE

MEMORANDUM OPINION* BY
JUDGE JAMES W. HALEY, JR.

v.        Record No. 1114-21-2

JULY 19, 2022

COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF DINWIDDIE COUNTY
Joseph Michael Teefey, Jr., Judge

Steven P. Hanna for appellant.

William K. Hamilton, Assistant Attorney General (Jason S. Miyares,
Attorney General, on brief), for appellee.

Code § 18.2-371.1(B) states as follows:

> Any parent, guardian, or other person responsible for the care of a
> child under the age of 18 whose willful act or omission in the care of
> such child was so gross, wanton, and culpable as to show a reckless
> disregard for human life is guilty of a Class 6 felony.

Convicted in a bench trial of violating this statute, appellant contends that the evidence was
insufficient to support the conviction.[1] For the following reasons, we affirm the trial court's
judgment.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The trial court sentenced appellant to five years of incarceration with three years and six
months suspended.

BACKGROUND[2]

The facts are undisputed. On May 22, 2020, Virginia State Trooper Hill investigated a single-vehicle accident. The driver, appellant, told the trooper that before the crash, "she and her dad were having a verbal argument at her house" and both had been "drinking." Appellant said that her father had "jumped in his pickup truck and took off" and "she threw her kids in her vehicle" and "took off behind him." Appellant explained that her father had been driving "really fast" and she had attempted "to keep up with him." When she attempted to call her father from her cell phone, appellant lost control of her vehicle as she approached a curve, striking "several group[s] of trees" and causing the vehicle to "overturn twice."

At trial, Trooper Hill testified that appellant exhibited signs of intoxication, including bloodshot eyes, slurred speech, and the odor of alcohol on her breath. Hill observed that four minor children had occupied the vehicle, including a three year old, Z.R.[3] None of the children had been secured with protective seat devices. Hill discovered a nine year old lying in the roadway with a bloody "hole in his head," injured with "road rash" from sliding along the pavement after being ejected from the vehicle. Z.R. was lying in a ditch five feet from the vehicle's passenger door, covered with debris and also suffering from "road rash." Emergency personnel transported the children to a hospital for treatment.

At the conclusion of the evidence, appellant moved to strike, arguing that the evidence established the mere happening of an accident, a circumstance insufficient to prove she acted

---

[2] "In accordance with familiar principles of appellate review, the facts will be stated in the light most favorable to the Commonwealth, the prevailing party at trial." *Poole v. Commonwealth*, 73 Va. App. 357, 360 (2021) (quoting *Gerald v. Commonwealth*, 295 Va. 469, 472 (2018)). In doing so, we discard any of appellant's conflicting evidence, and regard as true all credible evidence favorable to the Commonwealth and all inferences that may reasonably be drawn from that evidence. *Gerald*, 295 Va. at 473.

[3] Only Z.R. was named as a victim in the indictment.

with the requisite *mens rea*. The trial court found that "the totality of the circumstances"—including appellant's consumption of alcohol, failure to properly restrain her children, reckless attempt to "catch up to" her father while talking on the phone and approaching a curve, and the magnitude of the crash—proved appellant's guilt. Accordingly, the trial court convicted appellant, and this appeal follows.

ANALYSIS

Appellant asserts that the evidence is insufficient to sustain her conviction because it proved "nothing more than a tragic accident." We disagree.

"When reviewing the sufficiency of the evidence, '[t]he judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *McGowan v. Commonwealth*, 72 Va. App. 513, 521 (2020) (alteration in original) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "In such cases, '[t]he Court does not ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* (alteration in original) (quoting *Secret v. Commonwealth*, 296 Va. 204, 228 (2018)). "Rather, the relevant question is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Vasquez v. Commonwealth*, 291 Va. 232, 248 (2016) (quoting *Williams v. Commonwealth*, 278 Va. 190, 193 (2009)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *McGowan*, 72 Va. App. at 521 (quoting *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018)).

To convict a defendant of felony child neglect, the Commonwealth must prove that the accused (1) committed a "willful act or omission in the care" of a child and (2) the act or omission was "so gross, wanton, and culpable as to show a reckless disregard for human life." Code § 18.2-371.1(B). "The term 'willful act' imports knowledge and consciousness that injury

will result from the act done. The act done must be intended or it must involve a reckless disregard for the rights of another and will probably result in an injury." *Barrett v. Commonwealth*, 268 Va. 170, 183 (2004). "The word 'gross' means 'aggravated or increased negligence' while the word 'culpable' means 'deserving of blame or censure.'" *Morris v. Commonwealth*, 272 Va. 732, 739 (2006) (quoting *Barrett*, 268 Va. at 183). Moreover, the Supreme Court has held that

> "[g]ross negligence" is culpable or criminal when accompanied by acts of commission or omission of a wanton or willful nature, showing a reckless or indifferent disregard of the rights of others, under circumstances reasonably calculated to produce injury, or which make it not improbable that injury will be occasioned, and the offender knows, or is charged with the knowledge of, the probable result of his acts.

*Id.* In short, "[t]he Commonwealth's evidence must establish by the totality of the circumstances" that the defendant engaged in conduct that she knew or should have known "created the probability of a substantial risk of death or serious injury to her child." *Coomer v. Commonwealth*, 67 Va. App. 537, 551 (2017) (quoting *Morris*, 272 Va. at 739).

The record established that appellant consumed alcohol and failed to properly restrain her three-year-old passenger[4] before driving "really fast" on a curved road while using a cell phone, causing an accident of such magnitude as to twice overturn the vehicle and eject children to their injury. In addition, contrary to appellant's assertion on brief, appellant's manner of driving

---

[4] Any person who drives "a motor vehicle manufactured after January 1, 1968" on a Virginia highway "shall ensure that any child [passenger], up to age eight, . . . is provided with and properly secured in a child restraint device of a type which meets the standards adopted by the United States Department of Transportation." Code § 46.2-1095.

clearly was reckless.[5]  Collectively, that evidence amply supports the trial court's conclusion that the evidence proved appellant's guilt under Code § 18.2-371.1(B).  *See, e.g.*, *Camp v. Commonwealth*, 68 Va. App. 694, 705-06 (2018) (holding that the evidence proved felony child neglect where an intoxicated mother crashed her car into roadway median with minor children as passengers); *Wood v. Commonwealth*, 57 Va. App. 286, 302 (2010) (holding that the evidence was sufficient to convict under Code § 18.2-371.1(B) where a mother drunkenly drove minor children to a public parking lot); *cf. Coomer*, 67 Va. App. at 551 (holding the evidence was insufficient to prove felony child neglect where an intoxicated mother waited twenty minutes before driving, maintained a speed below the legal limit, and applied brakes to mitigate the risk of injury to her child passenger).

CONCLUSION

Accordingly, we affirm appellant's conviction.

*Affirmed.*

---

[5] Regardless of speed limit, "any person who drives a vehicle on any highway recklessly or at a speed or in a manner so as to endanger the life, limb, or property of any person shall be guilty of reckless driving."  Code § 46.2-852.  *See also Powers v. Commonwealth*, 211 Va. 386, 388 (1970) ("The word 'recklessly' . . . imparts a disregard by the driver of a motor vehicle for the consequences of his act and an indifference to the safety of life, limb or property.").